Nathan UNGER, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 90 Civ. 0384(WK).

United States District Court,
S.D. New York.

Nov. 9, 1998.

Jeffrey Oestericher, Assistant United States Attorney, New York City, for the United States.

Wallace Musoff, Law Offices of Wallace Musoff, New York City, for Nathan Unger.

Jerome Kamerman, New York City, for Robert Landau.

*OPINION AND ORDER*

WHITMAN KNAPP, Senior District Judge.

The jury rendered a verdict against Nathan Unger, and Unger moved for an order granting a new trial. We ignored Unger's specific request and issued an Opinion and Order, dated March 17, 1997, which *sua sponte* set the verdict aside and ordered that judgment be entered in Unger's favor. *Unger v. United States* (S.D.N.Y.1997) 956 F.Supp. 1152. The Court of Appeals reversed that Order and directed us to render a decision on Unger's motion for a new trial. *United States v. Landau* (2d Cir.1998) 155 F.3d 93. Accordingly, the question now before us is: Should such motion for a new trial be granted?

Citing *Smith v. Lightning Bolt Productions, Inc.* (2d Cir.1988) 861 F.2d 363, 370 and distinguishing *Sorlucco v. New York City Police Department* (2d Cir.1992) 971 F.2d 864, the Court of Appeals ruled that we may grant such motion if we are "convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." 155 F.3d at 106. We are firmly convinced both that the verdict was seriously erroneous and that it constituted a miscarriage of justice. On September first, we entered a Memorandum and Order expressing such firm conviction and annexing a Proposed Memorandum and Order we intended to enter as soon as the Court of Appeals mandate should issue.

The government has filed a Memorandum of Law in Support of its Objection to such Proposed Memorandum and Order. The government's Memorandum clearly establishes—as the Court of Appeals ruled—that our decision to enter a final judgment in Unger's favor was erroneous. However, its argument that we should not grant a new trial is misconceived. Such misconception is best illustrated by its quotation at page 21 from the Court's opinion to the effect that a district judge may not "freely substitute his or her assessment of the credibility of witnesses for that of the jury simply because the judge disagrees with the jury" without mentioning the statement with which the Court concluded its discussion: "If convinced that

there has been a miscarriage of justice then it is the trial judge's *duty* to set the verdict aside." 155 F.3d at 105. (Citations omitted, emphasis ours.)

Likewise misconceived is the Memorandum's suggestion at page 20 that "the Court's proposed memorandum and order does not set forth any basis for rejecting the jury's findings and crediting Unger's testimony instead." On the contrary, our proposal referred (1) to our Memorandum and Order of January 13, 1997 which noted our belief that Unger had been unfairly prejudiced by having been forced to participate in a joint trial with Robert Landau; and (2) to our Opinion and Order of March 17, 1997, especially Part D thereof, entitled "What Led the Jury Astray?" 956 F.Supp. at 1158–59. The matters therein set forth support our firm belief in Unger's integrity and veracity.

Accordingly, having carefully considered the government's Memorandum, we grant Unger's motion for a new trial. We direct the parties to appear before us within twenty days hereof for the purpose of setting a date for the re-trial.

**SO ORDERED.**